# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| EDUARDO DE LA TORRE, <br>         Plaintiff, <br>   v. <br> ACUITY BRAND LIGHTING, INC. <br>         Defendant. | ED CV 16-00525 TJH (KKx) <br><br> Order <br> JS-6 |

      The Court has considered Plaintiff's motion to remand, together with the moving, opposing papers and supplemental papers.

      When a case is removed, the Defendant, as the party invoking the Court's jurisdiction, must establish jurisdiction by a preponderance of the evidence. *Rodriguez v. AT&T Mobility Servs. LLC,* 728 F.3d 975, 981 (9th Cir. 2013). In a case removed under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ["CAFA"], the Defendant must establish that the amount in controversy exceeds $5,000,000.00 and that there is diversity of citizenship. *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1197 (9th Cir. 2015). Here, the only issue is whether the amount in controversy exceeds $5,000,000.00.

      In its notice of removal, the Defendant asserted that its potential maximum

exposure for rest and meal break violations was approximately $9,000,000.00. That maximum exposure was calculated by multiplying the potential number of employees in the class by each employee's hourly rate by each and every rest and meal break during the class period. The Defendant interpreted "uniform policy and systematic scheme" and "at all material times" in the complaint to mean that every employee was denied every meal and rest break during the entire class period.

In the context of CAFA, the Ninth Circuit held that an allegation of a "pattern and practice" of violating labor laws does not necessarily mean that such violations were incurred by each and every employee on each and every shift. *Ibarra*, 775 F.3d at 1195. Similarly, in *Garcia v. Lifetime Brands, Inc.*, 2016 WL 81473, at *2-5 (C.D. Cal. January 7, 2016), Judge Staton determined that, in light of *Ibarra,* allegations of a "systematic scheme" that took place "at all material times," also, did not mean that the alleged labor law violations took place on each and every occasion by each and every worker. *See Garcia*, 2016 WL 81473 at *2-3. Moreover, the Plaintiff provided a declaration clarifying that the violations occurred twice a month.

Consequently, the Court interprets the Plaintiff's allegations of "uniform policy and systematic scheme" and "at all material times" to not mean that the violations occurred at every meal and rest break for every employee. Based on this interpretation, the Plaintiff calculated the amount in controversy to be approximately $630,000.00, well below the $5,000,000.00 CAFA requirement. The Defendant did not provide any alternative amount in controversy calculation.

Accordingly, the Defendant failed to satisfy its burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.00.

𝔍𝔱 𝔦𝔰 𝔒𝔯𝔡𝔢𝔯𝔢𝔡 that the motion to remand be, and hereby is, 𝔊𝔯𝔞𝔫𝔱𝔢𝔡.

Date: July 21, 2016

_____
𝔗𝔢𝔯𝔯𝔶 𝔍. 𝔥𝔞𝔱𝔱𝔢𝔯, 𝔍𝔯.
Senior United States District Judge

CC: FISCAL